IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY WIERCISZEWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-120-GPM |
| | ) |
| GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC, d/b/a Gateway Regional Medical Center, and DAVE SORENSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This matter is before the Court on a motion for judgment on the pleadings brought by Defendants Granite City Illinois Hospital Company, LLC ("GCIHC"), d/b/a Gateway Regional Medical Center, and Dave Sorenson (Doc. 5). Plaintiff Mary Wierciszewski was employed as a security guard with GCIHC from July 27, 1975, until March 24, 2009. According to Wierciszewski, although she performed her job duties satisfactorily, she was subjected to discrimination, harassment, and retaliation on account of her age and gender, ultimately being terminated and replaced by a younger, less-qualified male; it appears that Wierciszewski was fifty-six years old when she was terminated, and her replacement was a man under the age of forty. Sorenson apparently was Wierciszewski's supervisor during Wierciszewski's employment with GCIHC. Wierciszewski asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the

Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*. Specifically, Wierciszewski's complaint contains the following counts: Count I, alleging age discrimination in violation of the ADEA; Count II, alleging gender discrimination in violation of Title VII; Count III, alleging retaliation in violation of the ADEA; Count IV, alleging retaliation in violation of Title VII; Count V, alleging age discrimination in violation of the IHRA; Count VI, alleging gender discrimination in violation of the IHRA; and Count VII, alleging retaliation in violation of the IHRA.

It appears from the documentation attached to Wierciszewski's complaint that in 2009 Wierciszewski filed two charges of employment discrimination against GCIHC with the Equal Employment Opportunity Commission ("EEOC") via the Illinois Department of Human Rights ("IDHR"), which has consented to accept charges of employment discrimination on behalf of the EEOC. The EEOC dismissed Wierciszewski's charges, Charge No. 560-2009-01052 and Charge No. 560-2009-03213, on September 28, 2010, and December 3, 2010, respectively, and advised Wierciszewski of her right to sue under the ADEA and Title VII within ninety days of receipt of notice of the dismissal of the charges. On December 27, 2010, Wierciszewski filed this suit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, against GCIHC and Sorenson, who timely removed the case to this Court. Federal subject matter jurisdiction exists as to Wierciszewski's ADEA and Title VII claims pursuant to 28 U.S.C. § 1331, while Wierciszewski's IHRA claims are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. GCIHC and Sorenson now seek judgment on the pleadings as to Wierciszewski's claims against Sorenson, Wierciszewski's IHRA claims, and Wierciszewski's retaliation claims under the ADEA and Title VII. The Court rules as follows.

## II. ANALYSIS

As an initial matter, the Court notes the standard under which it must evaluate a motion for judgment on the pleadings. Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may seek a judgment on the pleadings, meaning the complaint, the answer, and any written instruments attached to the pleadings as exhibits. *See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998) (citing Fed. R. Civ. P. 12(c)). The main difference between a Rule 12(c) motion and a motion to dismiss for failure to state a claim upon which relief can be granted brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that the latter may be filed before an answer to a complaint is filed, whereas a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id*. at 452 n.3 (quoting Fed. R. Civ. P. 12(c)) (brackets omitted). In all other respects, however, a Rule 12(c) motion is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Thus, a court, in ruling on a Rule 12(c) motion, must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Finch v. Peterson*, 622 F.3d 725, 728 (7th Cir. 2010); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Also, the court must "view the facts in the complaint in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995). To survive a Rule 12(c) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In general, a person wishing to sue for unlawful discrimination under the ADEA and Title VII must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000); *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The IHRA also requires exhaustion of administrative remedies as a predicate to seeking judicial review of a final order of the Illinois Human Rights Commission ("IHRC") concerning a charge of discrimination. *See* 775 ILCS 5/8-111; *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 312-13 (7th Cir. 1994); *Mein v. Masonite Corp.*, 485 N.E.2d 312, 315 (Ill. 1985). The requirement of exhaustion of administrative remedies under the ADEA and Title VII is not jurisdictional. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Stearns v. Consolidated Mgmt., Inc.*, 747 F.2d 1105, 1111 (7th Cir. 1984). However, the requirement of exhaustion of administrative remedies in IHRA cases is deemed to be jurisdictional. *See Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 458-59 (7th Cir. 1994). The purpose of requiring exhaustion of administrative remedies before bringing suit under the ADEA or Title VII is to provide notice to a party claimed to have acted in violation of the statutes and to afford that party an opportunity to participate in conciliation in an effort to comply voluntarily with the statutory requirements. *See Bright v. Roadway Servs., Inc.*, 846 F. Supp. 693, 696 (N.D. Ill. 1994) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)). Similarly, requiring exhaustion of administrative remedies in the IHRA context serves several purposes, including: allowing the administrative agency to develop fully and consider the facts of the cause before it; allowing the agency to utilize its expertise; allowing the aggrieved party ultimately to succeed before the agency, making judicial

review unnecessary; protecting agency processes from impairment by avoidable interruptions; allowing the agency to correct its own errors; and conserving valuable judicial time by avoiding piecemeal appeals. *See Castaneda v. Illinois Human Rights Comm'n*, 547 N.E.2d 437, 439 (Ill. 1989).

In their motion for judgment on the pleadings, GCIHC and Sorenson seek dismissal of Sorenson from this action, as well as dismissal of Wierciszewski's retaliation claims under the ADEA and Title VII and her claims under the IHRA for failure to exhaust administrative remedies. Concerning Sorenson, then, the parties agree that he is not a proper party to this case. The Court concurs. First, Sorenson was never named as a respondent in the discrimination charges Wierciszewski filed with the EEOC and, in general, a party not named as a respondent in an EEOC charge may not be sued under the ADEA or Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991); *Secrist v. Burns Int'l Sec. Servs.*, 926 F. Supp. 823, 825 (E.D. Wis. 1996). Second, there is no individual supervisory liability under the ADEA, Title VII, or the IHRA. *See Sattar v. Motorola*, 138 F.3d 1164, 1168 (7th Cir. 1998); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995); *Washington v. University of Ill. at Chicago*, No. 09 C 5691, 2010 WL 1417000, at *3 (N.D. Ill. Apr. 2, 2010); *In re Kuna-Jacob & Roesch*, Charge No. 2006 SF 3501, 2009 WL 2382456, at *5 (Ill. Human Rights Comm'n Mar. 17, 2009) (citing 775 ILCS 5/2-102(A)). Finally, Wierciszewski's complaint is devoid of substantive allegations of wrongdoing by Sorenson, and "[a] plaintiff cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Sorenson will be dismissed from this action.

With respect to Wierciszewski's claims under the IHRA, the Court agrees with GCIHC and Sorenson that these claims must be dismissed for failure to exhaust administrative remedies. In general, courts cannot entertain IHRA claims directly and may only conduct review of a final order of the IHRC. *See* 775 ILCS 5/8-111(B); *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 640 & n.10 (7th Cir. 2004); *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 281-82 (7th Cir. 2002); *Cavalieri-Conway v. L. Butterman & Assocs.*, 992 F. Supp. 995, 1009 (N.D. Ill. 1998). Furthermore, while it is the case, as already has been noted, that the IDHR has consented to receive charges of employment discrimination on behalf of the EEOC, a litigant's duty to exhaust administrative remedies under the IHRA is not discharged merely obtaining a right-to-sue letter from the EEOC, which is all that is alleged in Wierciszewski's complaint. *See Jimenez v. Thompson Steel Co.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003); *Zamani v. American Dental Ass'n*, No. 98 C 1022, 1998 WL 812545, at *3 (N.D. Ill. Nov. 18, 1998) (citing *Hong v. Children's Mem'l Hosp.*, 936 F.2d 967, 969 (7th Cir. 1991)); *Moore v. Jewel Food Stores, Inc.*, No. 97 C 6501, 1998 WL 102639, at *4 (N.D. Ill. Mar. 3, 1998); *Drago v. Davis*, No. 96 C 2398, 1996 WL 479696, at *3 (N.D. Ill. Aug. 20, 1996). Because Wierciszewski does not allege that she received a final order of the IHRC before bringing this suit, her IHRA claims will be dismissed. *See Jablonski v. Charles Levy Circulating Co.*, 888 F. Supp. 84, 86 (N.D. Ill. 1995) (an IHRA complaint that does not allege that the plaintiff exhausted administrative remedies by obtaining a final order of the IHRC before filing suit must be dismissed); *Allen v. City of Chicago*, 828 F. Supp. 543, 559 (N.D. Ill. 1993) (same). The dismissal of Wierciszewski's IHRA claims for failure to exhaust administrative remedies will be without prejudice. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (citing *Greene v. Meese*, 875 F.2d 639, 643

(7th Cir. 1989)) (the "proper resolution for failing to exhaust administrative remedies is dismissal without prejudice").[1]

Finally, the Court turns to the matter of whether Wierciszewski's claims for retaliation under the ADEA and Title VII should be dismissed for failure to exhaust administrative remedies. Wierciszewski's retaliation claims are based upon an EEOC charge that Wierciszewski filed against GCIHC in July 2004 for alleged age and gender discrimination; after receiving a right-to-sue letter from the EEOC, Wierciszewski brought a lawsuit against her employer for the alleged discrimination that was the subject of the 2004 charge. Wierciszewski claims that she was subjected by GCIHC to various adverse employment actions, including termination, in retaliation for filing the 2004 EEOC charge and the subsequent lawsuit. GCIHC and Sorenson contend that the 2004 charge and resulting lawsuit are not referenced in the EEOC charges that Wierciszewski filed in 2009 before bringing this suit, so that Wierciszewski's retaliation claims are not properly part of the suit. Just as a litigant under the ADEA and Title VII must file a timely charge of employment discrimination with the EEOC, so too, as a rule, ADEA and Title VII plaintiffs cannot bring claims in a lawsuit that were not included in their EEOC charges. *See Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1194 (7th Cir. 1992); *Petermon-Sanders v. Evelyn T. Stone Univ.*, No. 04 C 3438, 2004 WL 2967530, at *2 (N.D. Ill. Nov. 29, 2004). The reason is that "[a]llowing a complaint to encompass allegations

---

1. The Court notes an additional basis for dismissing for failure to exhaust administrative remedies Wierciszewski's claim under the IHRA that she was unlawfully terminated by GCIHC, namely, that it appears Wierciszewski did not file a timely charge of discrimination with the IDHR regarding her termination. In general, a discrimination charge must be filed with the IDHR "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed[.]" 775 ILCS 5/7A-102(A)(1). Wierciszewski was terminated, as noted, on March 24, 2009, but she did not file a discrimination charge with the IDHR regarding her termination until November 2, 2009, more than six months later.

outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).

In general, the allegations of an ADEA or Title VII plaintiff's complaint must be sufficiently "like" or "related to" the allegations of the underlying EEOC charge so that: (1) the defendant was placed on notice of the claims it would be required to defend against; and (2) the EEOC had an opportunity to investigate the allegations that might eventually find their way into a lawsuit and try to conciliate the differences between the parties. *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th Cir. 1996); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989). A claim in a complaint that was not explicitly set forth in a charge of discrimination will be deemed to be like or reasonably related to an EEOC charge if the former "reasonably could be expected to grow out of an EEOC investigation of the charge." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (brackets omitted). Usually "claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id*. (emphasis in original). The Court recognizes, of course, that "[c]omplainants frequently file EEOC charges without the assistance of counsel" and thus, "EEOC charges are typically detailed in lay person's terms." *Kopec v. City of Elmhurst*, 966 F. Supp. 640, 646 (N.D. Ill. 1997) (quoting *Eggleston*, 657 F.2d at 906). However, though "technicalities are particularly inappropriate in a statutory scheme . . . in which laymen unassisted by trained lawyers, initiate the process" of seeking redress, "the requirement of some specificity in a charge is not a 'mere technicality.'" *Rush v.*

*McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972)). That being said, courts are to construe EEOC charges with "utmost liberality." *Eggleston*, 657 F.2d at 906.

Having reviewed carefully the discrimination charges that Wierciszewski filed with the EEOC in 2009, the Court has no difficulty concluding that Wierciszewski's allegations of retaliation in her complaint are like or reasonably related to the conduct alleged by her in the 2009 charges. In Charge No. 560-2009-01052 Wierciszewski states that on May 1, 2008, she was passed over for promotion to the rank of sergeant in favor of a younger, less-qualified male; according to Wierciszewski, the same day she was told by Sorenson, her supervisor, that his decision not to promote her was final. Wierciszewski states further that on September 2, 2008, she was again passed over for promotion to sergeant in favor of a younger, less-qualified male. According to Wierciszewski, on September 29, 2008, she filed a grievance based upon the two denials of promotion. Wierciszewski states that, when she returned from vacation on October 14, 2008, she received two written warnings. According to Wierciszewski, in a letter dated November 18, 2008, she was informed by Greg Carda, the chief operating officer of GCIHC, that the two written warnings she had received made her ineligible for promotion to sergeant. Finally, Wierciszewski states that on February 16, 2009, she was suspended from her job without pay. Wierciszewski avers in the charge that "I complained of being denied a promotion, and was retaliated against in that I received two write ups and was suspended after engaging in activity protected by Title VII and/or by ADEA." Doc. 2-1 at 19. In Charge No. 560-2009-03213 Wierciszewski states that Sorenson, as chief of security at GCIHC, was her supervisor and that Sorenson's supervisor was Frank Hann, the facilities manager of GCIHC. According to Wierciszewski, on March 24, 2009, she was

terminated by Sorenson, Hann, and Ron Payton, the human resources director of GCIHC. Wierciszewski states that she was "suspended and terminated after engaging in activity protected by Title VII and/or by ADEA." Doc. 2-1 at 20. Significantly, on both Charge No. 560-2009-01052 and Charge No. 560-2009-03213 Wierciszewski checked a box indicating that she alleged discrimination based on retaliation. "While these boxes do not control the scope of a subsequent [employment discrimination] complaint, they are nonetheless helpful in determining the gravamen of the employee's allegations in the body of the EEOC charge." *Whitehead v. AM Int'l, Inc.*, 860 F. Supp. 1280, 1288 (N.D. Ill. 1994) (citing *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993)).

Wierciszewski's allegations in her 2009 EEOC charges that she was punished with disciplinary write-ups, suspension without pay, and termination for "engaging in activity protected by Title VII and/or by ADEA," together with the boxes marked "retaliation" checked on the charge forms, show that Wierciszewski's allegations in her complaint about her 2004 EEOC charge and subsequent lawsuit are like and reasonably related to the discrimination asserted in the 2009 charges. The allegations of the complaint concern the same conduct, that is, retaliation against Wierciszewski for complaining about gender and age discrimination, by the same actors, that is, Sorenson and other officers and employees of GCIHC. Moreover, there is no doubt in the Court's mind that an EEOC investigation of the discrimination in 2008 and 2009 complained of by Wierciszewski necessarily would have entailed an investigation of the 2004 discrimination charge and the lawsuit that arose out of it. In this connection, the Court notes that, while the discriminatory actions specifically identified by Wierciszewski in her 2009 EEOC charges occurred in 2008 and 2009, in both Charge No. 560-2009-01052 and Charge No. 560-2009-03213 Wierciszewski alleged that

discriminatory action was taken against her by GCIHC and its officers and employees as early as January 1, 2005, and in Charge No. 560-2009-01052 Wierciszewski asserted that the discrimination alleged in the charge was part of a "continuing action" against her. Doc. 2-1 at 19. In sum, the Court finds that the allegations of Wierciszewski's complaint concerning the 2004 EEOC charge and the related lawsuit are like and reasonably related to the allegations of unlawful discrimination contained in Wierciszewski's 2009 EEOC charges, so that Wierciszewski's retaliation claims are properly before the Court. Accordingly, the Court declines to grant judgment on the pleadings as to Count III and Count IV of Wierciszewski's complaint alleging retaliation in violation of, respectively, the ADEA and Title VII.

### III. CONCLUSION

The motion for judgment on the pleadings brought by GCIHC and Sorenson (Doc. 5) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to all claims by Wierciszewski against Sorenson, and Sorenson is **DISMISSED without prejudice** as a party to this case. Also, the motion is **GRANTED** as to Wierciszewski's IHRA claims, and Count V, Count VI, and Count VII of Wierciszewski's complaint are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The motion is **DENIED** as to Count III and Count IV of Wierciszewski's complaint. Count I, Count II, Count III, and Count IV of Wierciszewski's complaint remain pending as to GCIHC.

**IT IS SO ORDERED.**

DATED: April 28, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge