IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARY E. WIERCISZEWSKI,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11–cv–120–GPM–SCW |
| | ) |
| **GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC, d/b/a GATEWAY REGIONAL MEDICAL CENTER,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On October 20, 2011, the Court held a discovery dispute conference regarding Defendant's privilege log. At the hearing, the Court rejected Plaintiff's argument that Defendant had waived its attorney-client privilege by having its general counsel participate in the investigation. However, the Court noted that in the course of reviewing the privilege log in-camera, the Court found that some of the documents did not appear to be covered by the attorney-client privilege. The Court ruled on some of the documents, but on the remainder of the documents in the log, the Court Ordered Defendant to provide a brief on documents which the Court found the attorney client privilege claim to be questionable. Defendant filed its final brief on the matter on October 28, 2011. The Court held another discovery conference on November 4, 2011. At that time Defendant stated that the attachments associated with page 2 and page 12 were not privileged and that while they believed the documents had previously been turned over to Plaintiff, Defendant agreed to provide an additional copy of the documents. The Court took the arguments regarding privilege of the remaining documents at issue, Pages 1, 2, 5, 6, 10, 11, 12, 15, and 16 of the privilege log, under advisement

Under **FEDERAL RULE OF CIVIL PROCEDURE 501** "the privilege of a witness, person,

government, State, or political subdivision thereof shall be governed by the principles of the common law as they be interpreted by the courts of the United States in the light of reason and experience." Attorney-client privilege is the oldest of privileges and is designed to "encourage full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, **449 U.S. 383, 389 (1981).** In the corporate context, the privilege extends to employees who communicate with counsel at the direction of their superiors for the purpose of securing legal advice. *Id*. **at 394.** Further, when an attorney is conducting a factual investigation as part of its legal service, "any notes or memoranda documenting client interviews or other client communications in the course of the investigation are fully protected by the attorney-client privilege. *Sandra T.E. v. South Berywn School District*, **600 F.3d 612, 620 (7th Cir. 2010).** In order to determine whether a communication falls within the privilege protection, the court must ask "(1) whether 'legal advice of any kind [was] sought...from a professional legal adviser in his capacity as such"; and (2) whether the communication was 'relat[ed] to that purpose' and 'made in confidence...by the client.'" *Id*. **at 618 (quoting** *United States v. Evans*, **113 F.3d 1457, 1461 (7th Cir. 1997)**.

In support of its claim of privilege, Defendant relies heavily on *Upjohn Co. v. United States*, **449 U.S. 383, 392 (1981)** and *Sandra T.E. v. South Berywn School District*, **600 F.3d 612, 520 (7th Cir. 2010).** The Court, however, finds that the factual situation presented in this case is distinguishable from those in *Upjohn* and *Sandra T.E.* While in those cases there was direct communication between the employees and the attorney and there was evidence that the attorneys were the ones directing the investigation, in this case it is clear from the content of the emails that counsel was not directing the investigation. Contrary to the arguments of Defendant, it appears from the emails presented in the privilege log that these emails constituted communications between Ron Payton and his supervisor, Bud Wood, regarding the investigation of and determination to ultimately terminate

Plaintiff's employment. The context and content of the emails suggest that Bud Wood was directing the investigation, not attorney Rhea Garrett as argued by Defendant. While Defendant's general counsel was carbon copied (CC'd) on some of the emails, it appears from the context of the emails that Ron Payton and others were merely making attorney Garrett aware of the situation and were not emailing him for the purpose of seeking legal advice from counsel.

Furthermore, Defendant has pointed to no authority, nor is the Court aware of any authority, for a "sphere of privilege" as Defendant argues which would protect the communications of employees amongst themselves for the purposes of obtaining information that might later be disclosed to counsel. Neither *Upjohn* nor *Sandra T.E.* suggest that communications between employees which are not directed at counsel for purposes of seeking legal advice are privileged. Moreover, neither the mere presence of the lawyer's name on a document nor the copying of counsel on an email automatically makes an item privileged. *See Steele v. Lincoln Financial Group*, **Case No. 07 C 7163, 2007 WL 1052495, at * 2 (N.D. Ill. 2007) (finding that the copying of the attorney on an email between employees was not the test of privilege);** *Bell Microproducts, Inc. v. Relational Funding Corp.*, **No. 02 C 329, 2002 WL 31133195, at * 1 (N.D. Ill. 2002) (noting that the instruction from an attorney to employees to copy him as a recipient on any emails or documents in order to assure attorney-client privilege was incorrect as "the mere presence of a lawyer's name at the top or bottom of a document is *not* the bell that causes the dog named Privilege to salivate.")**. Therefore, the Court finds that those documents in which attorney Rhea Garrett is merely CC'd are not protected by attorney-client privilege.

Accordingly, the Court **FINDS** that the majority of the documents in the privilege log, except for page 16, are not privileged and therefore as discoverable by Plaintiff. As to page 16, the Court **FINDS** that page to be protected by the attorney-client privilege. Defendant has until November

14, 2011 in which to turn over all other pages, specifically pages 1, 2, 5, 6, 10, 11, 12, and 15.

IT IS SO ORDERED.

DATED: November 7, 2011

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge